AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| United States of America<br>v.<br><br>Michael J. Roseboro | )<br>)<br>)  Case No.<br>)         19- \| $\lfloor \rho^q$ M<br>)<br>)<br>) |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____10/17/18 to 10/20/18_____ in the county of _____New Castle_____ in the

_____ District of _____Delaware_____, the defendant(s) violated:

  *Code Section*             *Offense Description*

18 U.S.C. § 2251(a) and (e)    Attempted Production of Child Pornography
18 U.S.C. § 2252A(a)(2)(A)    Distribution of Child Pornography

This criminal complaint is based on these facts:

See attached affidavit, incorporated by reference.

> ```
> FILED
>
> JUN 04 2019
>
> U.S. DISTRICT COURT
> DISTRICT OF DELAWARE
> ```

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Yvette A. Thomas, ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____06/04/2019_____

_____
*Judge's signature*

City and state: _____Wilmington, Delaware_____    Hon. Christopher J. Burke, U.S. Magistrate Judge
                         *Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Yvette A. Thomas, a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI) Wilmington, Delaware Resident Office, being duly sworn, depose and state as follows:

### INTRODUCTION AND BACKGROUND OF AFFIANT

1.      I have been employed as a Special Agent of the U.S. Department of Homeland Security, Homeland Security Investigations (HSI) since 2009, and am currently assigned to the Resident Agent in Charge (RAC) Wilmington, Delaware office.  While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography.  I have gained experience through training at the Federal Law Enforcement Training Center (FLETC) and everyday work relating to conducting these types of investigations.  I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.  I am a federal law enforcement officer authorized by the Secretary of Homeland Security to request the issuance of search warrants.  I have been assigned to the RAC Wilmington, Delaware, office for approximately ten (10) years.  I was previously employed as a United States Postal Inspector with the United States Postal Inspection Service (USPIS) for seven (7) years, where my responsibilities included conducting investigations into various types of federal crimes, including crimes involving child pornography.  I have received training from HSI and USPIS,

1

regarding child pornography, the sexual abuse of children, the behavior of preferential child molesters and how to conduct investigations of child sexual exploitation and obscenity crimes. In the course of my investigative duties, I have also had contact, in the form of interviews and meetings, with preferential child pornographers and those involved in the distribution, sale, production and possession of child pornography. And I have assisted in the execution of numerous search warrants relating to investigations of child pornography crimes. I also have experience with account take over investigations involving online undercover operations where I've assumed the identity and accounts of victims and suspects. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including Title 18, United States Code, Sections 2251(a) and (e) (Attempted Production of Child Pornography); and 2252A(a)(2)(A) (Distribution of Child Pornography), and I am authorized by law to request a search warrant.

2.     As a federal agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

3.     This Affidavit is submitted in support of a criminal complaint charging MICHAEL JAVARIS ROBSEBORO, age 26, of Fair Point, North Carolina, with violating Title 18, United States Code, Sections 2251(a) and (e) (Attempted Production of Child Pornography); and 2252A(a)(2)(A) (Distribution of Child Pornography) (the "SPECIFIED FEDERAL OFFENSES"). On November 17, 2018, ROSEBORO sent child pornography to your affiant (acting in an undercover capacity)

2

via an instant messaging mobile application called Kik.

4. The statements contained in this Affidavit are based on my experience and background as a Special Agent and on information provided by other law enforcement agents. I have not set forth every fact relating to this investigation; rather, I have included only that information necessary to establish probable cause to charge MICHAEL JAVARIS ROSEBORO with violating Title 18, United States Code, Sections 2251(a) and (e) (Attempted Production of Child Pornography); and 2252A(a)(2)(A) (Distribution of Child Pornography) (the "SPECIFIED FEDERAL OFFENSES").

## THE SPECIFIED FEDERAL OFFENSES

5. Title 18, United States Code, Section 2251(a) and (e) (Attempted Production of Child Pornography) prohibits any person from attempting to employ, use, persuade, induce, entice, or coerce any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct if that person knew and had reason to know that such visual depiction(s) would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affected interstate or foreign commerce or mailed.

6.     Title 18, United States Code, Section 2252A(a)(2)(A) (Distribution of Child Pornography) prohibits a person from knowingly distributing any child pornography that has been mailed, or using any means of facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any mean, including by computer.

## DEFINITIONS

7.     The following definitions apply to this affidavit:

a. "Child pornography" includes any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where, (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct;  (b) the visual depiction is a digital image, computer image, or computer generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct;  or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.  See 18 U.S.C. §§ 2256(8) and 2256(9).

b. "Visual depictions" include undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in permanent format.  See 18 U.S.C. § 2256(5).

c. "Sexually explicit conduct" means actual or simulated:  (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;  (b) bestiality;  (c) masturbation;  (d) sadistic or masochistic abuse;  or (e) lascivious exhibition of the genitals or pubic area of any persons.  See 18 U.S.C. § 2256(2).

## DETAILS OF INVESTIGATION

9.     On November 17, 2018, ROSEBORO sent child pornography to your affiant via an instant messaging mobile application called Kik.  At the time, your

affiant was acting in an undercover capacity and had taken over the account of a 14-year-old minor female who resides in Delaware (hereinafter, the "victim").

10.     On or about November 7, 2018, the victim provided a recorded statement to Delaware law enforcement. According to the victim, she met "Michael" on an online chat group.    At some point, "Michael" began talking to the victim about sex and requested nude photographs of her.    The victim admitted that she sent nude photographs. "Michael" became more aggressive and demanded that the victim have sex with him as well as video chat with him in the nude.    The victim refused. "Michael" then threatened to publish the nude photographs of the victim on the internet. The victim agreed to video chat in the nude with "Michael" or engage in sexual intercourse with him if he agreed to delete her nude photographs from the internet.    The victim video chatted with "Michael" in the nude per his request. Afterwards, "Michael" continued to demand nude photographs and sex with the victim. The victim became fearful of "Michael" because he continued to threaten her. She attempted to block and delete all her conversations with "Michael" from her cellphone. "Michael" continued to contact the victim through other phone numbers and other social media accounts via Kik and Snapchat.

9.     On or about November 15, 2018, HSI RAC Wilmington, Delaware, conducted a consensual search of the victim's cellphone as well as an account takeover of her cellphone, Kik account, and Snapchat account.    Your affiant, acting in an undercover capacity, assumed the identity of the victim's social media accounts via the victim's cellphone and began communicating with "Michael."    "Michael"

communicated via regular text messages from his telephone number (336) 690-1716—an area code covering Greensboro, North Carolina. He communicated via instant messaging from his Kik account: "Javaris.rose"; and from his Snapchat account: "youg_saavage." These accounts contained numerous pictures of "Michael." Moreover, these communications lasted several months and included several instances in which "Michael" demanded nude photos and/or sexual intercourse with the victim.

10.    On or about November 17, 2018, the following communications between "Michael" ("M") and your affiant ("UC") took place via Kik:

M:     What you ignoring me again
UC:    I'm not
M:     Send me my shit
M:     Ight bet now ima get the old ones back n expose you
UC:    Expose how.  I already sent you nudes.  Why do I have to send more
M:     Bitch you are a slave you do what your told.  But I'm tire of going back and forth.  So ima expose you n call it even so you can go
UC:    Can't we just do something one time and call it even
M:     Nah fuck what you want it's my way or no way at all.  So what is it gonna be
UC:    Ok.  I'll meet you then.  I don't know when though.  Has to be when I'm suppose to be at schoo.  Only time I can get away.
M:     Idk when I'll be able to come up there so it won't be any time soon.  So until then I want nudes and no I will not use a condom or pull out second you will send me whatever I want when I want it n when you send it I will I'll leave you alone for a 2.  Thts good enough for you.
UC:    You already to nudes so why you bugging
M:     Like i said you my slave and I don't have them but all I got to do is get on my laptop when I get home n hack my phone.  So send me what I want
UC:    I don't think you can.  That's why you want more.
M:     I can show you when I get back home but when I get them back n show you you only going to make your punishment worse
UC:    I guess
M:     ight I'll be home in 15 minutes
M:     I got them back

6

UC:     Still don't you have them
M:      Just got them back. Now sent me what I told you to send me
UC:     Don't think you have them. Just saying. I'm not sending more so you
        can hold those over me.
M:      Send me more or I'll expose
UC:     Expose how
M:      ***ROSEBORO then sent a video depicting a close-up of a female
        masturbating (the video showed the subject's fingers and vagina only).
        A male's voice is heard in the recording. Based on my training and
        experience, ROSEBORO recorded this video while the victim live-
        streamed herself masturbating via Snapchat: the beginning of the video
        depicts ROSEBORO selecting the victim's Snapchat account from his
        own Snapchat account.
M:      I never lie. So send me what I want or a lot of ppl going to see this. Plus
the others. So whts it going to be. Bye.

11.     On or about November 20, 2018, the following communications between

"Michael" ("M") and your affiant ("UC") took place via Kik:

UC:     Why
M:      You read this two days ago n now you want to reply
UC:     I worked all weekend
M:      I seen you texting other ppl like damn you truly stupid how do you forget
        I can see the your texts bruh
UC:     I'm not texting other ppl
M:      Smdh just stop. Anyway do we have a deal or not
UC:     Yea I guess
M:      You know you got to keep your word
UC:     I know
M:      Alright I want a video
UC:     Of what
M:      Pussy

12.     On or about November 20, 2018, the victim was interviewed by an HSI

Child Forensic Interviewer. You affiant met the victim and watched the interview

from a different room. During this interview, the victim verified her Snapchat

account, reviewed a still shot of the video that "Michael" sent to your affiant, and

listened to the audio of the video that "Michael" sent to your affiant. After reviewing

the still shot of the video, the victim stated that she believed it was her but could not be sure—she thought the fingers looked like hers. She said that she had not sent "the video" to anyone else but to "Michael." After listening to the video, the victim recognized the male voice as belonging to "Michael." The victim had talked with "Michael" via cellphone and Skype.

11.     Your affiant's investigation identified "Michael's" likely last name as ROSEBORO and date of birth as September 15, 1992. On or about January 22, 2019, your affiant conducted a records check in the North Carolina Division of Motor Vehicle records for Michael J. ROSEBORO,                        . According to the records check, Michael Javaris ROSEBORO,                    , has a current North Carolina driver's license number            with a listed address of

                                        .     These records included a photograph of ROSEBORO. ROSEBORO's North Carolina driver's license photos matches the subject displayed in the photographs of the Kik user account "javaris.rose" and Snapchat user account "youg_saavage."

///

8

## CONCLUSION

13. Based on the foregoing information, there is probable cause to believe that the defendant MICHAEL JAVARIS ROSEBORO violated the SPECIFIED FEDERAL OFFENCES indicated above. Therefore, I respectfully request that the Court issue a Criminal Complaint charging the defendant with a violation of Title 18, United States Code, Sections 2251(a) and (e) (Attempted Production of Child Pornography); and 2252A(a)(2)(A) (Distribution of Child Pornography).

Respectfully submitted,

*Yvette A. Thomas*

Yvette A. Thomas
Special Agent
Homeland Security Investigations

Sworn and subscribed to before me
this 4th day of June 2019.

HON. CHRISTOPHER J. BURKE
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF DELAWARE